# UNITED STATES DISTRICT COURT
**District of Kansas**
(Wichita Docket)

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**JEFFREY MULDROW,** and
**ISAIAH COLEMAN**

**Defendants.**

**FILED UNDER SEAL**

**CASE NO.** 26-CR-10151-01-02-JWB

# INDICTMENT

**THE GRAND JURY CHARGES**:

**COUNT 1**

**DISTRIBUTION OF A CONTROLLED SUBSTANCE--**
**METHAMPHETAMINE**
**[21 U.S.C. § 841(a) and (b)(1)(A)]**

On or about July 29, 2026, in the District of Kansas, the defendants,

**JEFFERY MULDROW,** and
**ISAIAH COLEMAN**

did unlawfully, knowingly and intentionally distribute fifty (50) grams or more of pure methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a) and (b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT 2

**TRANSFER OF A FIREARM USED TO COMMIT A FELONY**
**[18 U.S.C. § 924(h)]**

On or about July 29, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

did knowingly transfer a firearm, that is a SCCY Industries, Model CPX-2, 9mm caliber pistol, knowing or having reasonable cause to believe that the firearm would be used to commit a felony.

In violation of Title 18, United States Code, Section 924(h).

## COUNT 3

**PROHIBITED PERSON IN POSSESSION OF A FIREARM**
**[18 U.S.C. § 922(g)(1)]**

On or about July 29, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, that is a SCCY Industries, Model CPX-2, 9mm caliber pistol, which was not produced in the state of Kansas and had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

**COUNT 4**

**PROHIBITED PERSON IN POSSESSION OF A FIREARM**
**[18 U.S.C. § 922(g)(1)]**

On or about July 30, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, that is a SCCY Industries, Model CPX-2, 9mm caliber pistol, which was not produced in the state of Kansas and had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

**COUNT 5**

**TRANSFER OF A FIREARM USED TO COMMIT A FELONY**
**[18 U.S.C. § 924(h)]**

On or about July 30, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

did knowingly transfer a firearm, that is a SCCY Industries, Model CPX-2, 9mm caliber pistol, knowing or having reasonable cause to believe that the firearm would be used to commit a felony.

In violation of Title 18, United States Code, Section 924(h).

## COUNT 6

**PROHIBITED PERSON IN POSSESSION OF A FIREARM**
**[18 U.S.C. § 922(g)(1)]**

On or about July 30, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, including an Anderson Manufacturing model AM-15 5.56 caliber semi-automatic rifle, which was not produced in the state of Kansas and had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT 7

**TRANSFER OF A FIREARM USED TO COMMIT A FELONY**
**[18 U.S.C. § 924(h)]**

On or about July 30, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

did knowingly transfer a firearm, including an Anderson Manufacturing, Model AM-15, 5.56 caliber rifle, knowing or having reasonable cause to believe that the firearm would be used to commit a felony.

In violation of Title 18, United States Code, Section 924(h).

## COUNT 8

**PROHIBITED PERSON IN POSSESSION OF A FIREARM**
**[18 U.S.C. § 922(g)(1)]**

On or about July 31, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, that is a Ruger, Model LCP .380 Auto caliber pistol, which was not produced in the state of Kansas and had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT 9

**TRANSFER OF A FIREARM USED TO COMMIT A FELONY**
**[18 U.S.C. § 924(h)]**

On or about July 31, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

did knowingly transfer a firearm, that is a Ruger, Model LCP .380 Auto caliber pistol, knowing or having reasonable cause to believe that the firearm would be used to commit a felony.

In violation of Title 18, United States Code, Section 924(h).

## COUNT 10

**PROHIBITED PERSON IN POSSESSION OF A FIREARM**
**[18 U.S.C. § 922(g)(1)]**

On or about July 31, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, including a Carl Walther Ulm/Do, Model G22, .22LR caliber rifle, which was not produced in the state of Kansas and had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT 11

**TRANSFER OF FIREARMS USED TO COMMIT A FELONY**
**[18 U.S.C. § 924(h)]**

On or about July 31, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

did knowingly transfer a firearm, including a Carl Walther Ulm/Do, Model G22, .22LR caliber rifle, knowing or having reasonable cause to believe that the firearm would be used to commit a felony.

In violation of Title 18, United States Code, Sections 924(h) and 2.

## COUNT 12

**PROHIBITED PERSON IN POSSESSION OF A FIREARM**
**[18 U.S.C. § 922(g)(1)]**

On or about August 3, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, that is, a Ruger, Model P95, 9mmx19 caliber pistol, which was not produced in the state of Kansas and had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT 13

**DISTRIBUTION OF A CONTROLLED SUBSTANCE--**
**FENTANYL**
**[21 U.S.C. § 841(a) and (b)(1)(C)]**

On or about August 3, 2026, in the District of Kansas, the defendant,

**JEFFERY MULDROW,**

did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of fentanyl, a controlled substance.

In violation of Title 21, United States Code, Section 841(a) and (b)(1)(C).

## COUNT 14

**TRANSFER OF A FIREARM USED TO COMMIT A FELONY**
**[18 U.S.C. § 924(h)]**

On or about August 3, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

did knowingly transfer a firearm, that is a Ruger, Model P95, 9mmx19 caliber pistol, knowing or having reasonable cause to believe that the firearm would be used to commit a felony.

In violation of Title 18, United States Code, Section 924(h).

## COUNT 15

**TRANSFER OF A FIREARM USED TO COMMIT A FELONY**
**[18 U.S.C. § 924(h)]**

On or about August 4, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

did conspire with others, known and unknown to the Grand jury, to knowingly transfer a firearm, that is a Smith & Wesson model M&P 9 Shield, 9mm caliber pistol, knowing or having reasonable cause to believe that the firearm would be used to commit a felony.

In violation of Title 18, United States Code, Section 924(h).

## COUNT 16

**PROHIBITED PERSON IN POSSESSION OF A FIREARM**
**[18 U.S.C. § 922(g)(1)]**

On or about August 4, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, that is, a I.O. Inc., Model Hellcat, .380 AUTO caliber pistol, which was not produced in the state of Kansas and had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT 17

**TRANSFER OF A FIREARM USED TO COMMIT A FELONY**
**[18 U.S.C. § 924(h)]**

On or about August 4, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

did knowingly transfer a firearm, that is a I.O. Inc., Model Hellcat, .380 AUTO caliber pistol, knowing or having reasonable cause to believe that the firearm would be used to commit a felony.

In violation of Title 18, United States Code, Section 924(h).

## COUNT 18

**TRANSFER OF A FIREARM USED TO COMMIT A FELONY**
**[18 U.S.C. § 924(h)]**

On or about August 4, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

did conspire with others, known and unknown to the Grand jury, to knowingly transfer a firearm, that is a DPMS (Panther Arms), Model A-15, .223-5.56mm rifle, knowing or having reasonable cause to believe that the firearm would be used to commit a felony.

In violation of Title 18, United States Code, Section 924(h).

## COUNT 19

**PROHIBITED PERSON IN POSSESSION OF A FIREARM**
**[18 U.S.C. § 922(g)(1)]**

On or about August 5, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, including Vision Defense, Model V-15, Multi (.223 Wylde) rifle equipped with a drum magazine, which was not produced in the state of Kansas and had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT 20

**TRANSFER OF A FIREARM USED TO COMMIT A FELONY**
**[18 U.S.C. § 924(h)]**

On or about August 5, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

did knowingly transfer a firearm, including a Vision Defense, Model V-15, Multi (.223 Wylde) rifle equipped with a drum magazine, knowing or having reasonable cause to believe that the firearm would be used to commit a felony.

In violation of Title 18, United States Code, Sections 924(h).

## COUNT 21

**PROHIBITED PERSON IN POSSESSION OF A FIREARM**
**[18 U.S.C. § 922(g)(1)]**

On or about August 6, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, including a Taurus (Rossi), No Model Listed, 20-gauge firearm, which was not produced in the state of Kansas and had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT 22

**POSSESSION OF AN UNREGISTERED FIREARM IN VIOLATION OF THE NATIONAL FIREARMS ACT**
**[26 U.S.C. § 5861(d)]**

On or about August 6, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

knowingly received and possessed a firearm, a weapon made from a shotgun , as defined in Title 26 United States Code, Section 5845(a)(1), that is: Taurus (Rossi), No Model Listed, 20-gauge firearm with a barrel of less than 18 inches and an overall length of less than 26 inches, which was not registered to him in the National Firearms Registrations and Transfer Record.

In violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

## COUNT 23

**TRANSFER OF A FIREARM USED TO COMMIT A FELONY**
**[18 U.S.C. § 924(h)]**

On or about August 6, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

did knowingly transfer a firearm, including a Taurus (Rossi), No Model Listed, 20-gauge firearm, knowing or having reasonable cause to believe that the firearm would be used to commit a felony.

In violation of Title 18, United States Code, Sections 924(h).

## COUNT 24

**TRANSFER OF A FIREARM USED TO COMMIT A FELONY**
**[18 U.S.C. § 924(h)]**

On or about August 6, 2026, in the District of Kansas, the defendant,

**JEFFREY MULDROW,**

did knowingly transfer a firearm, including a Ruger, Model SP101, .357 Magnum caliber revolver, knowing or having reasonable cause to believe that the firearm would be used to commit a felony.

In violation of Title 18, United States Code, Sections 924(h).

## FORFEITURE NOTICE

1. The allegations contained in Counts 1-24 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 934 and Title 21, United States Code, section 853.

2. Upon conviction of one or more of the offenses set forth in Counts 1 and 13 of this Indictment, defendants,

**JEFFERY MULDROW** (Cts. 1 and 13) and
**ISAIAH COLEMAN** (Ct. 1),

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offenses and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses, including but not limited to:

A. A forfeiture money judgment against each defendant in an amount equal to the amount of gross proceeds obtained or derived by him from their respective Counts.

3. Upon conviction of one or more of these offenses set forth in Counts 2, 5, 7, 9, 11, 14, 15, 17, 18, 20, 23, and 24 of this Indictment, defendant,

**JEFFERY MULDROW** (Cts. 2, 5, 7, 9, 11, 14, 15, 17, 18, 20, 23, and 24)

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 934 any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations, including but not limited to:

A. A forfeiture money judgment against each defendant in an amount equal to the amount of gross proceeds obtained or derived by him from their respective Counts.

4. If any of the property described above, as a result of any act or omission of the defendants:

A. cannot be located upon the exercise of due diligence;

B. has been transferred or sold to, or deposited with, a third party;

C. has been placed beyond the jurisdiction of the court;

D. has been substantially diminished in value; or

E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 934.

A TRUE BILL.

September 10, 2026
DATE

s/Foreperson
FOREPERSON OF THE GRAND JURY

RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY
y: /s/ *Katie Andrusak*
KATIE ANDRUSAK
Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas 67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: katie.andrusak@usdoj.gov
Ks. S. Ct. No. 25961

IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

# PENALTIES

**Count X: 21 U.S.C. §841(a) and (b)(1)(A)—[Distribution of a Controlled Substance]**

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life. 21 U.S.C. § 841(b)(1)(A).
- A term of supervised release of at least five (5) years. 21 U.S.C. § 841(b)(1)(A).
- A fine not to exceed $10 million. 21 U.S.C. § 841(b)(1)(A).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
-

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than fifteen (15) years and no more than life. 21 U.S.C. § 841(b)(1)(A).
- A term of supervised release of at least ten (10) years. 21 U.S.C. § 841(b)(1)(A).
- A fine not to exceed $20 million. 21 U.S.C. § 841(b)(1)(A).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

**Count X: 21 U.S.C. §841(a) and (b)(1)(C)—[Distribution of a Controlled Substance]**

- Punishable by a term of imprisonment of not more than twenty (20) years. 21 U.S.C. § 841(b)(1)(C).
- A term of supervised release of at least three (3) years. 21 U.S.C. § 841(b)(1)(C).
- A fine not to exceed $1 million. 21 U.S.C. § 841(b)(1)(C).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of up to thirty (30) years. 21 U.S.C. § 841(b)(1)(C).
- A term of supervised release of at least six (6) years. 21 U.S.C. § 841(b)(1)(C).
- A fine not to exceed $2 million. 21 U.S.C. § 841(b)(1)(C).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A
- Forfeiture.

**Count X: 18 U.S.C. §924(h)—[Transfer of a Firearm to Commit a Felony]**

- Punishable by a term of imprisonment of not more than fifteen (15) years. 18 U.S.C. § 924(h).
- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(1).
- A fine not to exceed $250,000. 18 U.S.C. § 3571.
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Count X: 18 U.S.C. §922(o)—[Possession of a Machine Gun]**

- Punishable by a term of imprisonment of not more than ten (10) years. 26 U.S.C. § 5871.
- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).
- A fine not to exceed $10,000. 26 U.S.C. § 5871.
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Counts X: 18 U.S.C. §922(g)(1)--[Felon in Possession of a Firearm]**

- Punishable by a term of imprisonment of not more than fifteen (15) years. 18 U.S.C. § 924(a)(8).
- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).
- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Count 22 – 26 U.S.C. § 5861(d)—[Violation of National Firearms Act]**

- Punishable by a term of imprisonment of not more than ten (10) years. 26 U.S.C. § 5871.
- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).
- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.